RENE LABRE and Others, Plaintiffs, v. CHRIS H. NANZ, Appellant, NEW ROCHELLE TRUST COMPANY, Respondent, and Others, Defendants.— Judgment in favor of defendant New Rochelle Trust Company reversed on the law and the facts, with costs, and judgment directed in favor of defendant Nanz, with costs. Findings of fact and conclusions of law inconsistent with this determination are reversed and new findings and conclusions will be made . We are of opinion that upon the facts in this case the contractor abandoned the work before completion

and defendant Nanz completed the work, and was justified in completing it, under the contract made between him and the contracting company after the contractor refused to complete pursuant to the demand made upon it by the owner, Nanz, containing a notice that he would deduct the costs of completion from the contract price. The validity of the liens filed is not in dispute, and the court found that there was paid by defendant Nanz the sum of $3,500 to discharge them. The defendant-respondent's order, or assignment, made on the 29th day of December, 1936, on the owner by the contractor for the sum of $2,500, to be paid out of the third payment, and accepted by the owner, was not filed pursuant to the provisions of section 15 of the Lien Law, and, therefore, was void as to subsequent creditors. The amount paid for completion, together with the amount paid in satisfaction of the liens, exceeded the balance of the contract price, and, therefore, there was nothing due to the contractor, and hence nothing due to the trust company as the contractor's assignee. (*Cross, Austin & Ireland Lumber Co.* v. *Erie R. R. Co.*, 225 App. Div. 770; affd., 252 N. Y. 533; *Scarsdale Nat. B. & T. Co.* v. *U. S. F. & G. Co.*, 264 id. 159.) Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur. Settle order on notice.